IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBORAH CLARIDY,
   *Plaintiff*,

v.   Civil Action No. ELH-13-2600

JOHN ANDERSON,
   *Defendant*.

**MEMORANDUM**

Plaintiff Deborah Claridy, a former deputy sheriff and lieutenant with the Baltimore City Sheriff's Office, filed suit against Baltimore City Sheriff John Anderson, in his individual capacity, pursuant to 42 U.S.C. § 1983. According to Claridy, Anderson violated her rights under the First Amendment when he disciplined her and changed her job duties in retaliation for her electoral campaign against him in 2010 for the office of Baltimore City Sheriff. ECF 1.[1] Claridy's effort to unseat the incumbent, Sheriff John Anderson, was unsuccessful. Claridy was terminated from the Sheriff's Office on October 29, 2013.

On March 9, 2015, I issued a Memorandum (ECF 24) and Order (ECF 25) in which I granted defendant's motion to dismiss (ECF 16) all of plaintiff's claims for monetary damages, with prejudice. Among other things, I determined that Sheriff Anderson was entitled to qualified immunity with respect to Claridy's claims for monetary damages. *See* ECF 24 at 41; ECF 25. However, Claridy's claims for injunctive relief survived dismissal. ECF 24 at 41; ECF 25. In particular, I denied the motion to dismiss as to plaintiff's claims that she is entitled to "injunctive

---

[1] When suit was filed in September 2013, Claridy was represented by counsel. *See* ECF 1 at 11. However, since May 2014, she has been self-represented. *See* ECF 13; ECF 14.

relief" dismissing all disciplinary charges filed against her, and "purging Plaintiff's personnel file of all information pertaining to the charges. . . ." ECF 25; *see* ECF 1 at 10-11.

Defendant Anderson has now moved to dismiss the remaining claims for injunctive relief. ECF 33 ("Motion"). He claims this Court lacks subject matter jurisdiction because the claims for injunctive relief are now moot. *Id.* In the Motion, supported by two exhibits, Sheriff Anderson explains that the administrative disciplinary charges against Claridy ("IA Case 23F10"), at issue here, were administratively closed on October 29, 2013. *See* ECF 33-1 at 1 (Affidavit of Major Samuel Cogen) and ECF 33-1 at 2 (Dismissal Memorandum dated 10/30/13). Further, Cogen avers that plaintiff's personnel file has been purged of any material or documents related to IA Case 23F10. Therefore, defendant maintains that plaintiff has obtained the relief she sought and thus her claim for injunctive relief is now moot.

Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the Clerk sent notice to Claridy on June 4, 2015 (ECF 34), advising her that Sheriff Anderson had filed a motion to dismiss and that the motion could result in dismissal of the case. Further, Claridy was advised of her right to respond to the motion within 17 days from the date of the letter. No response has been filed by Claridy.

For the reasons expressed by the Sheriff, I agree that the case is now moot, and is thus subject to dismissal for lack of subject matter jurisdiction.

"'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *United States v. Hardy,* 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). "'The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'"

*Hardy*, 545 F.3d at 283 (quoting *DeFunis v. Odegaard,* 416 U.S. 312, 316 (1974)). Therefore, an actual controversy must exist at all times while the case is pending. *See Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974); *Williams v. Ozmint*, 716 F.3d 801, 808 (4th Cir. 2013).

Where developments occur during the course of a case that prevent the court from being able to grant the requested relief, the case must be dismissed. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). Indeed, "[w]here on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even constitutional issues obtained . . . ." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990).

To be sure, there is a narrow exception to the mootness doctrine, in those cases where a wrong is "capable of repetition yet evading review." *Lux v. Judd*, 651 F.3d 396, 401 (4th Cir. 2011). This exception does not appear applicable in the context of this case. Rather, this is a case in which plaintiff now lacks a "particularized, concrete stake in the outcome of the case. . . ." *Williams*, 716 F.3d at 808-09; *see also Hardy*, 545 F.3d at 283. This is because, with respect to the claims for injunctive relief, Claridy obtained the injunctive relief that she sought through the litigation. *See Simmons v. United Mortgage & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011).

Defendant's exhibits, which are uncontested, establish that IA Case 23F10 was closed in 2013, and Claridy's personnel file has been purged of any related documents and material. Therefore, there is no further relief available to Claridy. It follows that there is no longer a "case or controversy" for the Court to decide; the case is now moot; and thus the Court lacks subject matter jurisdiction. *See Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 370 (4th Cir. 2012).

An Order follows.


Date: June 25, 2015                                         /s/
                                                    Ellen L. Hollander
                                                    United States District Judge